IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAZZA VINEYARDS, INC. d/b/a<br>PENNSYLVANIA RENAISSANCE FAIRE,<br><br>                  Plaintiff,<br><br>     v.<br><br>SMALL BUSINESS ADMINISTRATION,<br>409 3rd Street, SW<br>Washington, DC 20416,<br><br>ISABELLA CASILLAS GUZMAN,<br> Administrator, Small Business Administration,<br>409 3rd Street, SW<br>Washington, DC 20416,<br>                  Defendants. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Mazza Vineyards, Inc. d/b/a Pennsylvania Renaissance Faire (Ren Faire) by and through its attorneys, alleges and states as follows:

**INTRODUCTION**

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking emergency federal financial assistance unlawfully withheld by Defendants Small Business Administration ("SBA") and its Administrator, Isabella Casillas Guzman.

2. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act, as amended, 15 U.S.C. § 9009a, established the Shuttered Venue Operators Grant ("SVOG") Program to provide emergency financial assistance to eligible live entertainment businesses impacted by the global COVID-19 pandemic. The SVOG Program is administered by the SBA and Administrator Casillas Guzman.

3. Ren Faire, a small business that promotes a variety of entertainment offerings, including outdoor musical and theatrical festivals where musicians and actors perform live on stage, demonstrated its eligibility for a SVOG award in its application to the SBA and, following an initial denial, its appeal to the SBA. The SBA denied both Ren Faire's application and its appeal, without giving a reason for either denial.

4. The COVID-19 pandemic has had a devastating impact on Ren Faire, causing it to lose 47% in Quarter 2, 72% in Quarter 3, and 40% of its revenue in 2019 as compared to 2020. The Ren Faire needs a SVOG award for precisely the reason Congress created the SVOG Program: to help eligible live entertainment businesses like Ren Faire recover from the major setbacks they have experienced because of the pandemic.

5. SVOG funds are limited, and once the SBA has depleted the appropriated amount through awards, eligible businesses may not be able to receive the emergency assistance. Thus, even though Ren Faire demonstrated that it is an eligible live venue promoter, it may receive no assistance if SVOG funds are depleted before the SBA corrects the erroneous denial of the Ren Faire's application.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it presents federal questions under the APA.

7. Venue lies in this district under 28 U.S.C. § 1391(e)(1) because <u>inter alia</u>, Plaintiff resides in this District.

8. This Court has authority to issue declaratory and injunctive relief under 5 U.S.C. § 706 and 28 U.S.C. §§ 2201 and 2202.

11/17/2021 SL1 1759800v1 104426.00004
11/23/2021 SL1 1760890v1 104426.00004

## PARTIES

9. Plaintiff Mazza Vineyards, Inc., d/b/a Pennsylvania Renaissance Faire is a small business that promotes a variety of entertainment offerings, including outdoor live music festivals featuring musicians and actors performing on stage before an live audience. Ren Faire operates its primary offering, the "Pennsylvania Renaissance Faire" on eleven (11) weekends during its fall season (from August through October each year) entertaining some two hundred thousand people (200,000) during normal times. Ren Faire also puts on around three festivals per year. Ren Faire's festivals are typically themed. For example, it has promoted the Celtic Fling and Highland Games, a Blues Festival, a Fabulous Fifties Revival, a Country Jam and the like. Additionally, Ren Faire hosts Mystery Theatre, comedy clubs, Charles Dickens and Edgar Allen Poe presentations and other live performance events.

10. Defendant Small Business Administration is an independent agency of the federal government. The SBA's mission is to help Americans start, build and grow businesses.

11. Defendant Isabella Casillas Guzman is the Administrator of the SBA and oversees its operations. Administrator Casillas Guzman is sued in her official capacity.

## BACKGROUND

**A. Shuttered Venue Operators Grant Program**

12. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (the "Act"), signed into law December 27, 2020, included $15 billion for grants to operators of shuttered venues. Pub. L. No. 116-260 § 324. The American Rescue Plan, enacted March 11, 2021, amended the Act by providing an additional $1,249,500,000 for SVOG awards. Pub. L. No. 117-2 § 5005(a).

13. SVOG awards may be used for specified business expenses, including payroll, rent and utility payments, that are incurred between March 1, 2020, and December 31, 2021. 15 U.S.C. § 9009a(d)(1)(A)(i).

14. An eligible entity may receive a SVOG award in an amount equal to 45 percent of its gross earned revenue in 2019 or, if it began operations after January 1, 2019, in an amount equal to its average 2019 monthly gross earned revenue multiplied by 6, up to a maximum award of $10 million.  15 U.S.C. § 9009a(c).

15. Eligible entities under the Act include live venue operators and promoters, as well as theatrical producers, live performing arts organization operators, museum operators, motion picture theatre operators, and talent representatives.  15 U.S.C. § 9009a(a)(1)(A).

16. In addition to falling within an eligible business category, to qualify for a SVOG award a business must meet general eligibility criteria including, *inter alia*, that the business was fully operational on February 29, 2020, suffered at least a 25% reduction of gross earned revenue during at least one quarter of 2020 as compared to 2019, and has reopened or intends to reopen. 15 U.S.C. § 9009a(a)(1)(A).  The Act lists a number of characteristics that would render an entity ineligible, including, *inter alia*, issuance of securities on a national securities exchange, employing more than 500 employees, and presenting live performances of a prurient sexual nature.  *Id.* § 9009a(a)(1)(A)(vi), 9009a(a)(1)(B).

17. The Act defines live venue promoter to include an entity that as a principal business activity organizes, promotes, produces or hosts "events by performing artists" for which there is a ticketed cover charge, performers are paid a guaranteed amount by contract, and not less than 70 percent of revenue is generated through ticket sales or event beverages, food or merchandise. 15 U.S.C. § 9009a(a)(3)(A)(i).

18. The Act specifies that for a live venue promoter (as well as a live venue operator, theatrical producer, or live performing arts organization operator) to be eligible, it must have additional characteristics. It must put on events with defined performance and audience spaces; use mixing equipment, a public address system and a lighting rig; engage one or more individuals to carry out at least two of the following roles—sound engineer, booker, promoter, stage manager, security personnel, or box office manager; sell tickets or impose a cover charge for most performances; fairly pay artists; and market its events including through print or electronic publications, websites, mass email, or social media. 15 U.S.C. § 9009a(a)(1)(A)(iii).

**B. Ren Faire's SVOG Application and the SBA's Denial**

19. On 2021, Ren Faire applied for a SVOG award of approximately $5,805,743 Five million, eight hundred and five thousand, seven hundred and forty-three dollars)).

20. In its application, Ren Faire demonstrated that it satisfied the criteria for eligibility as a live venue promoter based on its promotion of events by performing artists, including outdoor music festivals and the other performances described herein.

21. Ren Faire learned from the SBA's portal that its application was denied. The portal's denial notice gave no explanation of the reason why the SBA found Ren Faire ineligible.

22. On August 18, 2021, Ren Faire submitted an administrative appeal of the denial to the SBA. Because the denial included no explanation, Ren Faire's appeal elaborated on why it satisfies all of the criteria for eligibility as a live venue promoter. Ren Faire explained, in detail and with copious supporting documentation, how it meets each of the general eligibility requirements for a SVOG award and each of the specific eligibility requirements for live venue promoter. Ren Faire's supporting documentation included: samples of its venue rental contracts, contracts with actors and musicians, marketing materials, invoices for sound mixing

5

equipment, sound production, public address systems and lighting rigs; photographs and maps of venues showing performer and audience spaces; a sample ticket sales report; a sample contract for security personnel; profit and loss statements; 2019 and 2020 federal tax returns; and a quarterly federal tax return reporting employee wages for Ren Faire's full-time box office manager and production manager who also serves as a stage manager.

23. On November 10, 2021, the SBA notified Ren Faire by email that its appeal was denied. As with the denial of Ren Faire's application, the SBA gave no reason for denying the appeal.

24. The SBA's denial of Ren Faire's appeal is the agency's final decision.

## CLAIMS FOR RELIEF

25. The courts recognize a strong presumption favoring judicial review of administrative action.

26. The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

27. The APA provides that "final agency action for which there is no other adequate remedy in a court" is "subject to judicial review." 5 U.S.C. § 704.

28. The APA provides that courts will "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "unsupported by substantial evidence." 5 U.S.C. § 706(2)(A) and (E), respectively.

29. The SBA is an "agency" whose final actions are reviewable under the APA.

## COUNT I – ARBITRARY AND CAPRICIOUS AGENCY ACTION

30. Ren Faire realleges and incorporates by reference each of the preceding paragraphs and allegations.

31. A basic requirement of administrative law is that an agency provide the reasons for its decisions.  However, the SBA gave no reason for denying Ren Faire's application, nor did it provide any reason when it denied Ren Faire's appeal.

32. Indeed, the SBA's decision on Ren Faire's application conflicts with the evidence of Ren Faire's eligibility that it presented to SBA in its application and in its appeal.

33. For each of these reasons, the SBA's denial of Ren Faire's SVOG award request is arbitrary and capricious.

## COUNT II – AGENCY ACTION CONTRARY TO LAW

34. Ren Faire realleges and incorporates by reference each of the preceding paragraphs and allegations.

35. Ren Faire meets the Act's definition of live venue promoter and satisfies the Act's general eligibility criteria for a SVOG award.

36. The SBA's denial of Ren Faire's SVOG award request therefore violated the Act and is contrary to law.

## COUNT III – AGENCY DECISION UNSUPPORTED BY SUBSTANTIAL EVIDENCE

37. Ren Faire realleges and incorporates by reference each of the preceding paragraphs and allegations.

38. The SBA's denial of Ren Faire's SVOG award request is supported by no evidence in the record, let alone substantial evidence. To the contrary, Ren Faire's application and appeal presented substantial evidence that demonstrates PBC is eligible for a SVOG award.

39. The SBA's denial of Ren Faire's SVOG award request is thus unsupported by substantial evidence.

**PRAYER FOR RELIEF**

For the foregoing reasons, Ren Faire respectfully requests that this Court:

1. Declare unlawful and set aside Defendants' denial of Ren Faire's SVOG award request.

2. Preliminarily and permanently order Defendants to consider Ren Faire's application for a SVOG award consistent with applicable law and the evidence before the SBA.

3. Preliminarily and permanently order Defendants to award in SVOG funds.

4. Preliminarily and permanently order Defendants to retain appropriations from the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act (Pub. L. No. 116-260 § 324) and/or the American Rescue Plan (Pub. L. No. 117-2 § 5005(b)) in an amount sufficient to fund Plaintiff's SVOG initial grant awards.

5. Award Plaintiffs their costs and reasonable attorney fees; and

6. Grant such other and further relief as the Court deems just and proper.

Dated:  December 8, 2021                STEVENS & LEE

By: */s/Mark D. Bradshaw*
Mark D. Bradshaw, Esquire
Attorney I.D. No. 61975
17 North Second Street, 16th Floor
Harrisburg, Pennsylvania 17101
Tel. (717) 255-7357
Fax (610) 371-7362
mark.bradshaw@stevenslee.com

*Counsel for Mazza Vineyards, Inc., d/b/a Pennsylvania Renaissance Faire*

11/17/2021 SL1 1759800v1 104426.00004
11/23/2021 SL1 1760890v1 104426.00004